IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAL RUTH MITCHELL, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA DEPARTMENT )<br>OF LABOR and CHARLES TIMOTHY )<br>DELAMAR, )<br>)<br>    Defendants. ) | CASE NO. 2:16-cv-666-MHT-SRW |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on August 18, 2016, the District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 4). Plaintiff Michal Ruth Mitchell ("Mitchell"), proceeding *pro se*, filed this action against her employer, the State of Alabama Department of Labor, and Charles Timothy Delamar ("Delamar"), the Workers' Compensation Division Director at the Alabama Department of Labor, alleging violations of her federal statutory rights. She brings claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

Delamar has filed a Motion to Dismiss.[1] (Doc. 7). Plaintiff filed a response opposing the motion. (Doc. 9). Upon review of the motion, the pleadings, and the applicable law, the court concludes that Delamar's motion is due to be granted.

---

[1] The State of Alabama Department of Labor filed an answer in response to plaintiff's complaint rather than a motion to dismiss. (Doc. 6). Accordingly, this lawsuit will proceed as to that defendant.

1

**I.      Motion to Dismiss Standard**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.  While the complaint need not set out "detailed factual

allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233–34) (quoting, in turn, *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## II.    Background

On August 16, 2016, plaintiff filed her complaint against defendants alleging sex discrimination based on a failure to promote, and retaliation due to a decreased rating on a performance report. (Doc. 1 at 2). Mitchell states that Delamar is her direct supervisor and he chose to promote a less qualified male to the position of Workers' Compensation Section Supervisor. (Doc. 1 at 2). Plaintiff alleges that after she filed an EEOC complaint regarding this promotion, Delamar unjustifiably lowered her score on a subsequent performance report in retaliation for her EEOC charge. (Doc. 1 at 2). She seeks recovery of back pay, reinstatement to her former position, and promotion to the position of Workers' Compensation Section Supervisor. (Doc. 1 at 3).

On September 9, 2016, Delamar filed a motion to dismiss asserting that he is entitled to Eleventh Amendment immunity for claims brought against him in his official capacity, and that naming him as a defendant in his official capacity is redundant. (Doc. 7 at 2). He

3

also argues that, to the extent that plaintiff is suing him in his individual capacity, this action is not authorized under Title VII. (Doc. 7 at 3). Plaintiff responds that Delamar is not entitled to immunity.[2]

### IV. Discussion

#### A. Eleventh Amendment Immunity

Delamar has raised the issue of jurisdictional immunity under the Supreme Court's Eleventh Amendment case law, which provides that a state may not be sued in Federal court without its consent. *Alden v. Maine*, 527 U.S. 706, 716–17 (1999); *Hans v. Louisiana*, 134 U.S. 1, 11–21 (1890). Courts have recognized three exceptions to Eleventh Amendment immunity: (1) where a state has expressly waived its immunity; (2) where Congress has validly abrogated the immunity pursuant to section five of the Fourteenth Amendment; and (3) where prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action. *Carr v. City of Florence*, 916 F.2d 1521, 1524 n.2, 1524–25 (11th Cir. 1990) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) and *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 102 (1984)).

---

[2] Mitchell attaches several documents to her response. However, as a general rule, the court must "limit[] its consideration to the pleadings and exhibits attached thereto" in deciding a Rule 12(b)(6) motion to dismiss. *Grossman v. Nationsbank*, N.S. 225 F.3d 1228, 1231 (11th Cir. 2000) (citation and quotation marks omitted). Therefore, the court will not consider the attachments submitted with the response. Had the court considered evidence outside the pleadings, then the motion to dismiss would have been converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984). Because the court declines to consider this evidence, it may still review the motion as one under Rule 12(b)(6). *See, e.g., Austin v. Modern Woodman of America*, 275 F. App'x 925, 926 (11th Cir. 2008) (unpublished opinion) (holding that because the district court did not consider matters outside the pleadings, it did not err when it failed to treat the motion to dismiss as a motion for summary judgment).

Congress has abrogated the state's sovereign immunity with respect to a Title VII claim of discrimination. *In re Employment Discrimination Against the State of Alabama*, 198 F.3d 1305, 1308 (11th Cir. 1999). Therefore, Delamar may not claim Eleventh Amendment immunity in this proceeding.

### B.     Individual Capacity and Redundancy

Delamar has asserted that he should be dismissed from this proceeding because suit against him in his individual capacity is not authorized and suit against him in his official capacity is redundant. The court agrees.

Title VII creates a cause of action against an employer. Delamar, in his individual capacity, is not plaintiff's employer. Therefore, to the extent that plaintiff is suing Delamar in his individual capacity, the claims against him are due to be dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (stating that "No [qualified] immunity from [Title VII] actions exists because such claims must be made against the municipal officer in his *official* capacity, not his individual capacity" and determining that "[i]ndividual capacity suits under Title VII are … inappropriate.") (emphasis in the original).

To the extent that plaintiff brings this lawsuit against Delamar in his official capacity, it is also due to be dismissed because it is redundant, given plaintiff's claim against the Alabama Department of Labor. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the State itself.") (citations omitted) (§ 1983 claim); *Busby*,

5

931 F.2d at 776 (affirming district court's dismissal of § 1983 claims against official capacity defendants, stating, "To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury."); *id.* at 772 ("We think the proper method of a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly.") (emphasis added); *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("[W]hile official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer. In other words, if a Title VII plaintiff names his or her employer as defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). Because plaintiff has sued her employer directly, her official capacity claim against Delemar is redundant and due to be dismissed.

**V.   Conclusion**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Delamar's Motion to Dismiss (Doc. 7) be GRANTED.

2. Plaintiff's claims against Defendant Charles Timothy Delamar in his official and individual capacities be DISMISSED with prejudice.

3. Defendant Charles Timothy Delamar be DISMISSED from this action.

4. This proceeding be referred back to the Magistrate Judge for further proceedings.

It is further ORDERED that **on or before June 28, 2017**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the

6

findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of July, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge