IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAL RUTH MITCHELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-cv-666-WKW-SRW |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF LABOR, | ) |
| | ) |
|     Defendant. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on August 18, 2016, the District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. *See* Doc. 4. Plaintiff Michal Ruth Mitchell ("Mitchell"), proceeding *pro se*,[1] filed this action against her

---

[1] On January 22, 2018, the undersigned noted that

> the plaintiff has significant legal education and experience. Plaintiff asserts that she "achieved [a] … Juris Doctor of Law degree in 2002 from Jones School of Law." Doc. 11-1 at 3. "Plaintiff has twelve (12) years of Ombudsman experience, four and a half (4 1/2) years conducting court ordered mediations in Mobile, AL and seven (7) or more years conducting medical dispute mediations via telephone from January 2007…." *Id.* at 5. Still, the plaintiff's filings are construed liberally. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted)).

Doc. 16 at 1 n.1. ADOL acknowledges plaintiff's *pro se* status and the liberal pleading standard for *pro se* filings, but notes that plaintiff possesses a Juris Doctorate degree "and was presumably on notice of her administrative exhaustion requirements." Doc. 19 at 7. To the extent that ADOL implies that the court should read plaintiff's filings with higher scrutiny because the plaintiff is a lawyer, the court has not done so. The liberal construction doctrine applies to all *pro se* parties regardless of their education or background.

1

employer, the State of Alabama Department of Labor ("ADOL"), and Charles Timothy Delamar ("Delamar"), the Workers' Compensation Division Director at the Alabama Department of Labor, alleging violations of her federal statutory rights. She brings claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *See* Doc. 1; Doc. 17. This matter is before the court on a motion to dismiss Counts One and Three of plaintiff's Amended Complaint or, in the alternative, to consider plaintiff's original complaint as the operative pleading.[2] *See* Doc. 19; Doc. 17 (Amended Complaint). The motion to dismiss has been fully briefed. For the reasons discussed below, the motion to dismiss is due to be denied.

## I.     Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal marks omitted)).

---

[2] In the closing sentence of its motion to dismiss, ADOL asks the court alternatively "to consider Plaintiff's original complaint as the operative pleading in this case." Doc. 19 at 7. This alternative motion is made without any context or citation to legal authority. The well-established maxim that "the onus is on the parties to formulate arguments" is rooted in precedent binding on this court, and absent argument and supporting statutes or case law, ADOL's alternative motion is too undeveloped and devoid of support to compel a finding in its favor or even to trigger meaningful review by the court. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations and internal quotation marks omitted). For that reason, the alternative motion will be denied. The Amended Complaint is the operative pleading. *See* Doc. 17; *see also* Doc. 16 (January 22, 2018 order directing that the Amended Complaint will supersede the original complaint and will be the operative pleading).

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum

expenditure of time and money by the parties and the court.'" *Id.* at 558 (quoting 5 Wight & Miller § 1216, at 233–34 (quoting, in turn, *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

## II. Background and Procedural History

In her original complaint, the plaintiff brought claims against ADOL and Delamar for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. *See* Doc. 1. Plaintiff alleged, *inter alia*, that, in July and October of 2015, ADOL and Delamar promoted a less qualified male candidate to a job posting for which the plaintiff is qualified and, after plaintiff filed an EEOC charge, ADOL and Delamar retaliated against the plaintiff by reducing her performance scores. *See id.*

On September 9, 2016, Delamar filed a motion to dismiss the complaint.[3] *See* Doc. 7. Plaintiff filed a brief in opposition to Delamar's motion. *See* Doc. 9. On June 14, 2017, the undersigned Magistrate Judge entered a Recommendation finding that Delamar's

---

[3] ADOL filed an answer in response to plaintiff's original complaint. *See* Doc. 6.

motion to dismiss was due to be granted and that all Title VII claims against Delamar were due to be dismissed because Delamar is not the plaintiff's employer and the Title VII claims against him are duplicative of those asserted against the plaintiff's employer, ADOL. *See* Doc. 10. Objections to the undersigned's Recommendation were due on June 28, 2017.

The plaintiff filed objections on June 26, 2017. *See* Doc. 12. Also, prior to filing her objections, the plaintiff filed a motion for leave to file an amended complaint to add an "additional retaliation claim, occurring on March 31, 2017" against ADOL and Delamar because Delamar, acting in his official capacity, allegedly denied approval for the plaintiff's "overnight stay and *per diem* travel in excess of 100 (one hundred) miles or more one way, as is allowed by AL Dept. of Finance Regulations and State law." Doc. 11 at 1; *see also* Doc. 11 (motion for leave to file amended complaint). Thereafter, Chief Judge Watkins overruled the plaintiff's objections and adopted the Recommendation, held that the plaintiff cannot bring Title VII discrimination or retaliation claims against Delamar as a matter of law, and dismissed with prejudice plaintiff's Title VII claims against Delamar. *See* Doc. 15. The plaintiff sued Delamar exclusively under Title VII; accordingly, Chief Judge Watkins dismissed Delamar as a party to this case.

On January 22, 2018, the court held that the plaintiff could not assert claims against Delamar in the amended complaint, but granted plaintiff's motion for leave to file an amended complaint against ADOL to assert a retaliation claim based on denial of overnight travel in March 2017. That claim is now set out in Count Three of the Amended Complaint. *See* Doc. 17. ADOL did not object to the plaintiff's motion for leave to file an amended complaint for the purpose of asserting Count Three – which ADOL now seeks to have

5

dismissed pursuant to Rule 12(b)(6). *See* Doc. 16 at 6; Doc. 19. Also, the court held that the plaintiff's proposed amended complaint – which was attached as an exhibit to plaintiff's motion for leave to file an amended complaint – was a "shotgun" pleading and directed plaintiff to file "an amended complaint which complies with [the January 22] order and Rules 8, 10, and 11 of the Federal Rules of Civil Procedure." *Id*. at 5-7. Plaintiff's amended complaint is her second attempt at drafting an amended pleading that comports with the Federal Rules of Civil Procedure.

### III. Discussion

ADOL did not move to dismiss Count Two of the Amended Complaint; thus, this case has always been on track to proceed to discovery. In the instant motion to dismiss Counts One and Three, ADOL argues that Count One should be dismissed because it does not comply with the January 22, 2018 order, and Count Three fails because plaintiff did not exhaust her administrative remedies. Prior to addressing the merits of defendant's arguments in favor of dismissal, the court first considers the timeliness of the motion to dismiss.

For the reasons discussed herein, the motion is due to be denied both because it is untimely, and on its merits.

#### A. ADOL's Motion to Dismiss - Timeliness

ADOL filed an answer and, subsequently, the instant motion to dismiss on February 16, 2018. *See* Doc. 18; Doc. 19. The record indicates that ADOL's attorney filed the answer and motion; they were not docketed by the Clerk of Court. Thus, the order in which they were filed – *i.e.*, the answer first, followed by the motion to dismiss – was chosen by

6

ADOL. The sequence of those filings is relevant to the timeliness of the motion to dismiss for failure to state a claim upon which relief can be granted.

> This court recently held that
>
> "a motion" asserting the defense of "failure to state a claim upon which relief can be granted" "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). *See also United States v. Alabama Dep't Mental Health, Mental Retardation*, 2010 WL 447399, at *4 (M.D. Ala. 2010), *aff'd sub nom. United States v. Alabama Dep't of Mental Health & Mental Retardation*, 673 F.3d 1320 (11th Cir. 2012) ("Rule 12(b) requires a defendant to make a motion pursuant to 12(b)(1) or 12(b)(6) prior to filing a responsive pleading.").
>
> [Defendant's] choice to file a motion to dismiss and an answer in the same document is fatal to the motion. [Defendant] was required to file a responsive pleading. … *see also* Fed. R. Civ. P. 12(a). An answer is a pleading. *See* Fed. R. Civ. P. 7(a)(2). When [Defendant] filed an answer and a motion to dismiss simultaneously, he failed to raise a Rule 12(b)(6) motion to dismiss "before pleading." Consequently, the motion to dismiss is due to be denied as untimely. *See, e.g.*, *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n. 6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").

*Canal Ins. Co. v. INA Trucking, LLC*, 2017 WL 1146984, at *8 (M.D. Ala. 2017), *report and recommendation adopted*, 2017 WL 1147772 (M.D. Ala. 2017) (Thompson, J.).

ADOL intended to file the instant motion and the answer "contemporaneously," and it notes in its answer that it seeks dismissal of Counts One and Three in the motion to dismiss. Doc. 18 at 1 n. 2. However, ADOL also answered the amended complaint as to Counts One and Three. *See id.* at 1-2. This case is nearly identical to *Canal* in that an answer and motion to dismiss were filed simultaneously; indeed, the answer in this case actually was filed before the motion to dismiss. Federal Rule of Civil Procedure 12(b)

7

prohibits a motion to dismiss for failure to state a claim upon which relief can granted after a party has filed an answer. Thus, ADOL's motion to dismiss is due to be denied as untimely.

### B. Count One – Compliance with Court Orders

The plaintiff filed two charges with the EEOC prior to bringing this lawsuit, and those charges are attached as exhibits to the original complaint. *See* Doc. 1-1; Doc. 1-2. The first charge ("Charge One") relates to plaintiff's allegations of sex discrimination due to a failure to promote, which is asserted in Count One of the original complaint and the amended complaint. The second charge ("Charge Two") relates to plaintiff's retaliation claim as set out in Count Two of the original and amended complaints. The plaintiff alleges that she was retaliated against when she received lower performance scores. She also asserts a broad allegation of retaliation by ADOL following her filing of Charge One. *See* Doc. 1-1 at 1-2.

ADOL argues that Count One is due to be dismissed because plaintiff neglected to refer to Charge One in her amended complaint. *See* Doc. 19 at 4-5. ADOL relies on the court's January 22, 2018 order, which directed that the amended complaint will supersede the original complaint and that "the only issues before the court are those raised in the amended [complaint]." Doc. 16.

To dismiss Count One on this basis would be contrary to the court's obligation to construe *pro se* pleadings liberally. Moreover, the plaintiff alleges sufficient facts, and sufficiently asserts the failure to promote claim in Count One, to place these issues properly before the court. Charge One is in the record of these proceedings, and plaintiff's omission

of an express reference to that charge is not fatal to Count One. It is clear from the motion to dismiss that ADOL is aware of the claim made in Count One, and the allegations of fact supporting that claim, and the fact that Charge One is in the record. *See* Doc. 19.

Assuming for the sake of argument that the court read plaintiff's amended complaint as failing to allege a link between Count One and Charge One, the undersigned would not find dismissal with prejudice to be appropriate.[4] Instead, if the court agreed with ADOL that the amended complaint suffered from deficiencies or a lack of clarity, it would order plaintiff to file a second amended complaint to cure the deficiency or to clarify any ambiguity. That course of action, however, is not warranted. The Amended Complaint and record as a whole clearly establish a sufficient link between Charge One and Count One. Dismissal of Count One is inappropriate.

### C. Count Three – Failure to Exhaust Administrative Remedies

As discussed above, based on the amended complaint and attachments thereto, plaintiff alleges in Count Three that ADOL retaliated against her beginning on March 31, 2017 and continuing into at least April 2017 by restricting her ability to travel for work-related activities. ADOL argues that Count Three should be dismissed because plaintiff did not file a separate EEOC charge or seek to amend her prior charges regarding this alleged

---

[4] ADOL's argument implies that the court should dismiss Count One with prejudice due to plaintiff's failure to comply with a court order. An involuntary dismissal with prejudice is governed by Federal Rule of Civil Procedure 41(b). "[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). This case does not come close to the extraordinary circumstances and pattern of bad action on plaintiff's part to justify such a dismissal.

retaliation. Doc. 19 at 5. ADOL argues that plaintiff failed to exhaust her administrative remedies prior to asserting the retaliation claim found in Count Three. *See id.* (citing, *inter alia*, *Price v. H&M Valve Co.*, 117 F. App'x 1, **10 (11th Cir. 2006) ("[A] plaintiff pursuing a Title VII discrimination claim first must exhaust his administrative remedies, including filing a timely charge of discrimination with the EEOC.") (citing, in turn, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies.")); 42 U.S.C. § 2000e–5(b)).

"The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). The Eleventh Circuit "further has noted that judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (citations and internal marks omitted). A "'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 1280 (quoting *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). An EEOC charge should be liberally construed; specifically, "'the scope of an EEOC complaint should not be strictly interpreted.'" *Id.* (quoting *Sanchez v. Standard Brands,*

*Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).[5] Title VII "was designed to protect a worker from becoming an industrial pariah, and his lack of literary acumen should not stymie his quest for equal employment opportunity." *Sanchez*, 431 F.2d at 465.

The Eleventh Circuit recently reaffirmed the well-established principles of *Sanchez* and *Gregory* in *Batson v. Salvation Army*, __ F.3d __, 2018 WL 3628184, at *6 (11th Cir. 2018). The Court held that Batson exhausted her administrative remedies because, despite not marking "the retaliation box on the form" EEOC charge, "she included in the charge facts supporting her ADA accommodation claim that are 'like or related to' the ADA retaliation claim she alleged in federal district court." The Court observed that it has "been 'extremely reluctant to allow procedural technicalities to bar claims brought under [discrimination statutes].'" *Id.* (quoting *Gregory*, 355 F.3d at 1280 (citing, in turn, *Sanchez*, 431 F.3d at 460-61)). The Court reasoned that the EEOC investigation would have uncovered "at least in some fashion" Baston's retaliation claim. *Id.* at *7.

Plaintiff asserts that Count Three is "related to, or grew out of" Charge Two. Doc. 21 at 3 (quoting *Gregory*, *supra*). ADOL argues that plaintiff's claim in Count Three does not meet the *Gregory* standard because the EEOC never had an opportunity to investigate the factual basis of the retaliation claim in Count Three. *See* Doc. 19 at 6. ADOL notes that Count Three concerns events that took place in March or April 2017 and the EEOC issued right to sue letters regarding Charge One and Charge Two in July and May 2016 – eight or ten months before the allegations of retaliation asserted in Count Three. *See id.* at 6. In

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

11

essence, plaintiff alleges that Count Three is an outgrowth of ongoing retaliation stemming from the sex discrimination alleged in Charge One, and ADOL argues that the March 2017 events are a separate act of discrimination that necessitate a new charge of discrimination.

ADOL's argument is not novel, but ADOL has not pointed to an instance of its success before another court. *Cf.*, *e.g.*, *Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1211-12 (N.D. Ala. 2014) (rejecting a defendant's argument that a plaintiff was required to file a separate EEOC charge for alleged retaliatory events that occurred after the filing date of the original charge, and holding that plaintiff exhausted her administrative requirements for retaliatory events that took place up to fifteen months after the EEOC charge because they related to or grew from the original charge). In Count Three, plaintiff alleges that the events of March and April 2017 regarding *per diem* travel constitute ongoing retaliation. Construing Charge Two – which asserts a general allegation of retaliation – liberally, and under the allegations of fact regarding this case, the court finds that the allegations of ongoing retaliation in Count Three are related to and grew out of the plaintiff's two charges of discrimination and retaliation.

It is true that the EEOC did not have the opportunity to investigate the plaintiff's allegation that a deprivation of *per diem* travel constitutes retaliation. However, the EEOC investigated plaintiff's assertion that ADOL retaliated against her after she filed Charge One. ADOL does not dispute that Charge One and Charge Two are properly before the court. Because Count Three is alleged as a product of the earlier charges, this court has "ancillary jurisdiction" over Count Three and finds that plaintiff exhausted her administrative requirements. *Caetio*, 992 F. Supp. 2d at 1212 ("[I]t is unnecessary for a

12

plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.") (quoting *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981)). Thus, ADOL's motion to dismiss Count Three is due to be denied.

**IV.   Conclusion and Order**

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

1.  Defendant's Motion to Dismiss Counts One and Three be **DENIED**. *See* Doc. 19.

2.  This proceeding be referred back to the Magistrate Judge for further proceedings.

It is

**ORDERED** that ADOL's alternative motion to consider plaintiff's original complaint as the operative pleading is **DENIED**. *See* Doc. 19.

It is further **ORDERED** that **on or before September 13, 2018**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 29th day of August, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge